**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4277

UNITED STATES OF AMERICA

v.

JAMES ANTHONY HUGHES,
              Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. 00-cr-00173
District Judge: The Honorable Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2006

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and DEBEVOISE,[*] <u>District Judge</u>

(Opinion Filed: March 1, 2006)

OPINION

---

[*] The Honorable Dickinson R. Debevoise, Senior District Judge, United States District Court for the District of New Jersey, sitting by designation.

BARRY, <u>Circuit Judge</u>

James Anthony Hughes appeals from his sentence of 180 months in prison for possession of a controlled substance with intent to distribute, arguing that the downward departure the District Court granted him was too small and that the District Court improperly treated the Sentencing Guidelines as mandatory. We lack jurisdiction, and will dismiss the appeal.

On August 9, 2000, Hughes pleaded guilty to possession of more than fifty grams of crack cocaine and five kilograms of cocaine with intent to distribute. 21 U.S.C. § 841(a)(1). His plea agreement stipulated the quantity of drugs involved. He agreed to assist the government in other investigations and the government agreed that it would move for a downward departure under U.S.S.G § 5K1.1 were his assistance "substantial." He subsequently provided information to federal authorities about drug traffickers, and to Pennsylvania authorities about a murder.

Hughes was sentenced by the District Court for the Middle District of Pennsylvania on January 19, 2001. The applicable Sentencing Guidelines range was 292 to 365 months. The government made a § 5K1.1 motion for a downward departure, bringing to the District Court's attention Hughes's cooperation in the federal drug investigations. The District Court granted the motion, and sentenced Hughes to 240 months in prison, a downward departure of 52 months from the bottom of the range. He appealed, with counsel claiming in his brief filed pursuant to <u>Anders v. California</u>, 386

U.S. 738 (1967), that the sole issue worthy of consideration was that the departure Hughes received was not commensurate with his cooperation. In his pro se submission, Hughes argued, among other things, that his sentence should not have been based on the amount of drugs in his possession, a fact not found by a jury beyond a reasonable doubt. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). We concluded that we lacked jurisdiction to review the extent of the discretionary downward departure for substantial assistance, and found no violation of Apprendi because Hughes admitted the quantity of drugs in his plea agreement. We affirmed the judgment of sentence on July 28, 2003.

On June 16, 2004, Hughes filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. He alleged that the government had violated the plea agreement by not moving for a further downward departure to reflect his cooperation in the state murder investigation, resulting in a violation of the Due Process clause of the Fifth Amendment. He also alleged various other violations of his Fifth and Sixth Amendment rights. The government replied that it had been unaware of Hughes's cooperation with the Pennsylvania authorities, and moved under Fed. R. Crim. P. 35(b) for a downward departure of 20 percent from his already-reduced sentence, for a further reduction of 48 months, to a new sentence of 192 months in prison. On September 7, 2004, the District Court denied Hughes's other claims but granted his § 2255 motion "insofar as Defendant's claim [sic] that he was denied due process by not receiving a downward departure pursuant to Federal Rule of Criminal Procedure 35." A.45. It scheduled a hearing on the Rule 35 motion but stated that it would not "permit argument

on the initial downward departure." A.44.

The hearing was held on October 27, 2004. The District Court confirmed with the government the details of Hughes's cooperation. Hughes then testified about his cooperation in the murder investigation and about his rehabilitation. He requested that the District Court reduce his sentence to 131 months, which he claimed was the sentence promised him during plea negotiations. The government denied any such promise. The District Court granted the Rule 35 motion, amended the original judgment of conviction to reflect a sentence of 180 months (60 months less than his previous sentence, or a 25 percent reduction), but affirmed the original sentence in all other respects. It accordingly issued an amended judgment.

Hughes filed a timely notice of appeal. He argues that the District Court abused its discretion in granting him a second downward departure of only 60 months, and that we should remand for a reduction of his sentence to no more than 131 months. He also argues that the District Court, which imposed sentence before the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005), unconstitutionally treated the Sentencing Guidelines as mandatory. He, therefore, asks us to remand so that the District Court, this time treating the Guidelines as merely advisory, may resentence him. See United States v. Davis, 407 F.3d 162 (3d Cir. 2005).

We have no jurisdiction over Hughes's claim that the District Court granted him too small a downward departure. We lacked jurisdiction over decisions to deny a motion for downward departure, and over the extent of one, before Booker, and we continue to

lack jurisdiction over them.  United States v. Cooper, No. 05-1447, 2006 U.S. App. LEXIS 3453 (3d Cir. Feb. 14, 2006).  We also lack jurisdiction to consider Hughes's Booker claim.  His sentence became final when we denied his first appeal.  Accordingly, the sentence and the procedures which were followed are not now properly before us on direct review.[1]  See United States v. Taylor, 414 F.3d 528, 535 (4th Cir. 2005).  The District Court's decision to grant the Rule 35 motion and the second downward departure did not reopen any other aspect of Hughes's sentence.  The plain error presumption of Davis does not apply where, as here, the error complained of is not part of the specific judgment on review.

     We will dismiss the appeal for lack of jurisdiction.

---

[1] We would not grant the relief Hughes seeks as part of a collateral attack, even if properly presented to us. Booker does not apply retroactively to cases on collateral review where the judgment was final as of January 12, 2005. Lloyd v. United States, 407 F.3d 608, 616 (3d Cir.2005). The District Court would, therefore, have been required to deny a Booker claim had one been presented to it as part of Hughes's § 2255 motion.