UNIED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
AUG 0 5 2008
MARY E. D'ANDREA, CLERK
Per _____

UNITED STATES OF AMERICA,       :
            PLAINTIFF/RESPONDENT,:
                                :
    -VS-                        :
                                :
JAMES ANTHONY HUGHES,           :   CRIMINAL NO. 1:00-CR-173
            DEFENDANT/PETITIONER.:
                                :   JUDGE: SYLVIA RAMBO
                                :

MOTION FOR, AND BRIEF IN SUPPORT OF:

RECONSIDERATION OF ORDER OF APRIL 23, 2008 GRANTING

REDUCTION OF SENTENCE BY 20 MONTHS

1. NOW COMES James A. Hughes, Pro Se (Defendant/Petitioner) and hereby respectfully submits his Consolidated Motion and Brief seeking the Honorable Sylvia Rambo (Judge Rambo) to Reconsider the Court's Order of April 23, 2008; Reducing Petitioner's term of imprisonment from 180 months to 160 months.

2. As set forth more fully below, Petitioner not only deems that the reduction should have been calcualted differently and thereby increasing the releavnt reduction for consideration by the Court; but also that the Court was not, is not, bound by the newly calculated guidelines range in awarding a new reduced sentence pursuant to the retroactive "crack-cocaine" amendment. And that when all this is taken into consideration the Court would have reduced Petitioner's sentence by a greater number of months and thereby still met the Congressional mandates.

AND IN SUPPORT THEREOF, PETITIONER AVERS THE FOLLOWING:

## PROCEDURAL BACKGROUND

3. Petitioner had filed for a reduction of his sentence pursuant to the retroactive amendment to the sentencing guidelines "Drug Quantiy Table" at United States Sentencing Guidelines (USSG) § 2D1.1. Same having been filed by the Federal Public Defender's Office Attorney Thomas A. Thornton (Attorney Thornton) on or about 04/15/08, Doc. #74.

4. This was after the United States Probation Officer (USPO) calcualting that Petitioner was eligible for a reduction in his sentence prusuant to this amendment. But the calculation included a finding that now, since the reduced level of the drug quantity, the career offender provision, which was previously overruled by the higher level for drug quantity, was the applicable strating point for the reduction calculation.

5. Also, the USPO rejected the arguments by Petitioner, made in an Objection to the PSR Addendum, failed and that the criminal history calcualtions were still correct. And that the previous reduction done by this Court resulted in a reduction of his sentence in October 2004.

6. Of import to the instant proceeding is the fact that the original sentence was **not** a sentence that was within the originally calculated USSG range -- of either the higher range by the drug quantity nor the career criminal -- as proffered by the United States in its response. The original sentence was itself a reduction to 240 motnhs, the statutory minimum sentence permitted.

7. And this should be the strating point for the present calculation of the appropriate new USSG range to be used and

2

the resulting original percentage of reduction should be considered. In sum, Petitioner wishes this Court to consider the total reduction of his sentence from the bottom of the now applicable new USSG range as even with the argued for applicability of the career offender -- the fact is that that would not be a valid argument simply as even if that guideline would have been used -- Petitioner Hughes still received a sentence below that range. To wit, 240 months vis-a-vis the 262 months of the bottom of the presently argued for career offender.

### ADDITIONAL SUPPLEMENTAL FACTS TO SUPPORT SENTENCE REDUCTION

8.  At this time, before turning to the argument/discussion of the points for reconsideration of this Court's Order of April 23, 2008; Petitioner submits these additional facts for review of the "factors" for consideration of sentence reduction pursuant to 18 USC § 3553(a). And wishes the Court to also consider the fact that Petitioner has still not merely withdrawn into a shell and continues to act positively and to rehabilitate himself and further his own personal growth.

9.  Since the receipt of the reduction of his sentence as presently done by the Court to 160 months, Petitioner has enrolled in the residential 500 hour Carpentry Course. This is a Vocational/Techinical certification that is highly rated both within the BOP and outside at building companies.

10. Also, Petitioner is particapating in a Life Skills program through the Psychology Department here at the prison. This is also a highly sought program and like many programs there is a waiting list and Petitioner has been required to

3

wait his turn to be enrolled in that program.

11. And one of Petitioner's greatest and most fulfilling accomplishments is that he proudly advises the Court that he is scheduled to be married at the prison chapel in October of this year. Petitioner has been working on this for some time and both he and his fiance are very happy and know that this is an important part of his being totally rehabilitated for his reentry into society. This support and companionship will be indispensible.

12. Moreover, this is another reason for Petitioner to renew his efforts to try to get this Court to make sure that the sentence that he has remaining is just and "sufficient, but not greater than necessary". Petitioner would hope that the Court sees what he feels: that he has truly been rehabilitated and that he will continue to do positive things because not only does he wish to do so for his own personal enrichment -- but for the benifit of his new wife and the family that they hope to have upon his release.

## DISCUSSION

13. (1) In General. In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 USC § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, **the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.**

18 USCS Appx § 1B1.10. (USSG § 1B1.10). As amended Feb. 2008.

4

14. Pursuant to this provision, though Petitioner will address the retroactive effect of the new amendment to § 1B1.10 later; that the admonishment to "leave all other guideline application decisions unaffected" mandates that since the "decision" to not employee the "career offender" desiganation by and through the application of a higher drug quantity assessment, that it cannot be employeed at this time. To do so is effectively the same as if the Court would be doing a full resentencing, which the argument would hold that the Court could, but the government argues agaisnt such a proposition -- until the doing so empowers them to make a determination that they favor over the one that would apply.

15. In the instant cause, if one only applies the crack cocaine reduction in the drug quantity table to the instant cause, the original level calculation, starting from 38, subtracting 3 levels for acceptance of responsibility, and then subtracting the additional 2 levels from the reduction in amendment 706 -- results in a level of 33, category VI (left unchanged as it was the category originally assessed by the Court -- though the failure to use the career offender, as well as the prior convictions being over-counted, would counsel for not using the category VI without the career offender, at least post-Booker): or a USSG range of 235-293.

16. And using the (correctly calcualted reduction for the initial departure and the subsequent resentencing in October 2004) overall reduction of 39%, would result in a final sentence of only 143 months. [235*.39=91.65 or 92 months rounded; and 235-92= 143 motnhs.] The end result of this calcuation, if

5

even using the newly amended guidelines and staying within the guidelines as if they were mandatory, would still reduce Petitioner's sentence by an additional 17 months.

17. But in conjunction with all the above, and all that the Court has had put before it over the years of the litigation of this cause, the fact is that the original sentence was post-Apprendi and the sentence is subject to the Court's discretion and ability to deviate from the Guidelines because of that. Notwithstanding the fact that Booker also has relegated the Guidelines to advisory status. As such the advice, once calculated and then taken into consideration, even in the instant proceedings because of a retoractive guideline amendment, does not bar this Court from awarding a sentence "sufficeint, but not greater than necessary".

18. In fact, the provision of the USSG in effect when the crack amendment was made, and then when it was made retroactive (amendment 711), which set forth the "policy statements" of the Sentencing Commission, did not contain the limiting language of the new amendment in February 2008. To wit, the amendment to §1B1.10 made after the crack cocaine amendment should not be employeed to curtail or limit the availability of the reduction and/or the amount of the ultimate reduction done by the Court on resentencing under § 3582(c)(2). The only restriction should be the/any statutory minimum. (Though that is not applicable as the Court has already addressed that in its previous Grant of habeas corpus relief.)

19. As such, Petitioner contends that while his submitted "range" is the better one to be used -- because of the exceptional

6

22. As noted in the commentary to the promulgation of the new § 4A1.1&.2, the calculation that was being done with the previous version was permitting the incorrect calculation of the criminal history and thereby increasing (unnecessarily) the guideline range for many offenders. And while the USPO in the instant cause maintains that the strict application of the USSG § 4A1.1 and .2 would not reduce the criminal history; Petitioner would again proffer that the advisory nature of the guidelines does not "trumph" the fact that this Court has discretion to move outside the newly calculated range.

23. So while the calculus may not be an exact fit for this case, the fact is that there is a presumption of the sentencing calculation being excessive under the guidleines. And as such, especially with the facts of the instant cause before the Court, the exercising of additional discretion of the Court to further reduce the sentence would be just and proper. There is ample support in the Record of this Cause to warrant a further reduction than that presently Granted by the Court on April 23, 2008.

## CONCLUSION

24. As set forth more fully above, the instant cause is still before the Court pursuant to a retroactive amendment to the United States Sentencing Guidelines. And this Court is able to "revisit" Petitioner's sentence in order to assure that the sentence that is being served is "suffficeint, but not greater than necessary" to meet the sentencing objectives outlined by Congress.

25. And because Petitioner is before the Court under/pursuant

to an (now) advisory guidelines, this Court, once they are calculated correctly, can nonetheless deviate from them. And the correct calculation would be the reduction of the range that was originally employeed to assess the range for sentencing. To wit, the reduction of the drug quantity Level from 35 to 33 because of the reduction of the levels set forth in § 2D1.1 of the USSG.

26.  The Court should not have substituted the (now) higher "career offender" for the original starting point for the calculation of the acceptance of responsibility. Doing so has increased the Guideline calculation that would, should have been, reduced by the retroactive amendment.

27.  Additionally, Petitioner submits that this Court should conducted a review of the factors set forth in 18 USC § 3553(a) to see if not only the retroactive reduction is warranted -- but also whether or not the Court supports the further reduction of Petitioner's sentence. Which could be reducted to time served without much more of a reduction to the correctly calculated 143 months set forth supra.

28.  WHEREFORE PETITIONER PRAYS, that the Honorable Sylvia Rambo will Grant his Motion for Reconsideration and adopt his calculation of the proper USSG range and further reduce his sentence to at least 143 months -- and consider a further reduction to time served because of the extraordinary and complete rehabiliation of the Petitioner.

29.  AND FURTHERMORE, Grant Petitioner any additional Relief the Court deems just and proper.

Respectfully Submitted.

## DECLARATION

I, James A. Hughes, hereby declare and affirm, under the penalty of perjury pursuant to 28 USC 1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, this 1st day of August, 2008.

                James A. Hughes, Pro Se  
                Fed. Reg. No.10223-067  
                FCI Allenwood  
                P.O. Box 2000  
                White Deer, PA 17887-2000

## CERTIFICATE OF SERVICE

I, James A. Hughes, hereby certify that I served true and correct Originals, by first-class postage prepaid surrender to the rpison officials, of the foregoing pleading and accomanying Declaration, this 1st day of August, 2008, to:

1. Eric Pfisterer, AUSA  
   228 Walnut St., Box 11754  
   Harrisburg, PA 17108

2. Thomas A. Thorton  
   Fed. Pub. Def.  
   100 Chestnut St., 306  
   Harrisburg, PA 17101

                James A. Hughes, Pro Se  
                Fed. Reg. No. 10223-067  
                FCI Allenwood  
                P.O. Box 2000  
                White Deer, PA 17887-2000

JAMES A. HUGHES
REG. NO. 19226-067
FCI ALLENWOOD
P.O. BOX 2000
WHITE DEER, PA 17887-2000

7006 2150 0004 7653 4666

CLERK OF THE COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
228 WALNUT STREET
HARRISBURG, PA 17108

